**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISON**

OLIVER FUSSELL,                                    CASE NO.:

     Plaintiff,

vs.

YOUNGQUIST BROTHERS, INC.,

     Defendant.             /

**COMPLAINT AND DEMAND FOR JURY TRIAL**

    Plaintiff, OLIVER FUSSELL ("Plaintiff"), by and through undersigned counsel, herby files this complaint against Defendant, YOUNGQUIST BROTHERS, INC., a Florida Corporation ("Defendant"), and in support thereof states as follows:

**INTRODUCTION**

    1.    In enacting the Family Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), Congress wished to remedy its finding that employees with serious health conditions have "inadequate job security" when they have to leave work for temporary periods. *See* 29 U.S.C. § 2601(a)(4).  The FMLA provides eligible employees, like Plaintiff with unpaid, job-protected leave in the event they are suffering from a serious medical condition.  26 U.S.C. § 2612(a)(1).  An employee that takes FMLA protected leave is entitled to return to the same position after coming back to work. 29 U.S.C. § 2614(a)(1).  Further, the FMLA makes it unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA. 29 U.S.C § 2615(a)(1). Likewise, it is unlawful for an

1

employer to discharge or discriminate against any individual for opposing any practice made unlawful under the FMLA.  29 U.S.C. § 2615(a)(2).

2.      The Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq*., as amended (the "ADAAA"), is also a remedial statute aimed at combating Congress's findings that discrimination against individuals with physical or mental disabilities persist in critical areas like employment, and our nation's goals with respect to individuals with disabilities is to assure equality of opportunity and participation. 42 U.S.C. § 12101(a)(1)-(8).  The ADA is meant to protect qualified employees, like Plaintiff, from discrimination, harassment and retaliation in the workplace on account of a real or perceived mental or physical disability, or for asking for a reasonable accommodation related to the disability.  42 U.S.C. § 12112.

3.      The Employee Retirement Income Security Act ("ERISA") was passed in 1974.  In passing the Act, Congress found that the "continued well-being and security of millions of employees and their dependents" depends directly on ensuring safeguards with respect to employee benefit plans. 29 U.S.C. § 1001(a).  Congress also found it to be "desirable in the interest of employees and their beneficiaries, for the protection of the revenue of the United States, and to provide for the free flow of commerce, that minimum standards be provided assuring the equitable character" of employee benefit plans under ERISA. *Id.* ERISA was enacted "to protect interstate commerce and the interest of participants in employee benefit plans and their beneficiaries…establishing standards of conduct, responsibility, and obligations for fiduciaries of employee benefit plans, and by providing for appropriate remedies, sanctions, and ready access to the

Federal courts." 29 U.S.C. § 1001(b). Section 510 of ERISA makes it unlawful "for any person to discharge fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan." 29 U.S.C. § 1140.

4.     At all times material to this Complaint, Plaintiff suffered from a disability that is also a serious health condition entitling him to benefits under the FMLA, and protection from discrimination under the ADA. Around August 2016, Plaintiff suffered a serious brain injury. Due to the same, he suffered neurological damage to the right side of his body requiring extensive physical therapy. Plaintiff made Defendant aware of his condition, his treatment plan, and his need for accommodation. Defendant did not inform Plaintiff of his rights under the FMLA and required Plaintiff to come back to work before he was medically cleared by his doctor to return. Once Plaintiff returned to work, Defendant asked Plaintiff to perform tasks they knew he was unable to perform. Plaintiff was then terminated without explanation on November 17, 2016; only several weeks after returning to work. When Plaintiff pressed for an explanation Defendant provided a number of reasons which were manufactured as a means of discriminating and retaliating against Plaintiff and/or interfering with his rights under the FMLA, the ADAAA, and Section 510 of ERISA.

5.     Accordingly, Mr. Fussell seeks: (i) back pay and front pay (where reinstatement is not feasible); (ii) compensatory damages in whatever amount he is found to be entitled; (iii) liquidated damages in whatever amount he is found to be entitled; (iv) an award of interest, costs and reasonable attorney's fees and expert witness fees; (v)

punitive damages; (vi) equitable relief; (vii) declaratory relief; (viii) pre-judgment and post-judgment interest (where allowable); and (ix) a jury trial on all issues so triable.

## PARTIES

6.      Plaintiff is an adult individual who resides in Lee County, Florida.

7.      Defendant is a Domestic Corporation, licensed and authorized to conduct business in the State of Florida, doing business in Lee County, Florida.

8.      At all times relevant hereto, Defendant maintained an office in Lee County, Florida.

9.      At all times relevant hereto, Plaintiff was an "employee" of Defendant within the meaning of the FMLA, ADAAA, and FCRA.

10.     At all times relevant hereto, Defendant was, and continues to be, "employers" within the meaning of the FMLA, ADAAA, and FCRA.

11.     Defendant is an employer under the FMLA because it was engaged in commerce or in an industry affecting commerce and employed 50 or more employees for each working day within a 75 mile radius during each of 20 or more calendar workweeks in the current or preceding calendar year.

12.     Defendant is an employer under the ADAAA and the FCRA because, at all relevant times, it employed greater than 15 employees.

13.     At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he was employed by the employer(s) for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

14.     At all times material hereto, Plaintiff had a disability as defined by 42 U.S.C. §12102 (1) and (2) that substantially limits one or more major life activities including major body functions. Specifically, Plaintiff suffered from a traumatic brain injury that caused neurological damage to the right side of his body, which is a disability that caused him to be substantially limited in major life activities, including but not limited to walking and use of his right arm. Plaintiff took FMLA protected leave in 2016 for this condition, of which his employer and supervisors were aware.

15.     At all times material hereto, Plaintiff is a "qualified individual" under the ADA since he can perform the primary duties of his job with or without an accommodation. *See* 42 U.S.C. § 12111(8).

16.     Plaintiff is covered by the ADAAA/FCRA because he is an individual who:

       a.     Has a physical impairment that substantially limits one or more major life activities or bodily functions;

       b.     Has a record of physical impairment that substantially limits one or more major life activities or bodily functions; and/or

       c.     Was regarded as having a physical impairment that substantially limits one or more major life activities or bodily functions.

## JURISDICTION AND VENUE

17.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, Title I of the ADA, as amended, Title 1 of the Civil Rights Act of 1991, 29 U.S.C. § 2617(a)(2) of the Family Medical Leave Act, and 29 U.S.C. § 1132(e) ERISA and has

authority to grant declaratory relief under the ADA, FMLA and pursuant to 28 U.S.C. § 2201 et seq. Jurisdiction over Plaintiff's FCRA claim arises under the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367.

18.     Venue is proper in this judicial district under 28 U.S.C. §1391 because Defendants do business in this judicial district and the majority of the acts complained of took place in this judicial district

19.     Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on January 25, 2017, which was dual filed with the Florida Commission on Human Relations (FCHR), with respect to his ADAAA, FCRA, and ERISA claims. Plaintiff received his Right to Sue Letter on November 13, 2019. Therefore, this Complaint is being filed within ninety (90) days of his receipt of same.

## FACTUAL ALLEGATIONS

20.     Plaintiff was hired by the Defendant around April 2015 as a dragline operator and then promoted to Superintent in 2016.

21.     As a Superintendent, Plaintiff was paid at an hourly rate of $25.00 per hour.

22.     On or about August 6, 2016, Plaintiff was involved in an accident in which he sustained a serious brain injury that required hospitalization.

23.     Immediately following the accident, Plaintiff was unconscious for several days.

24.     Plaintiff's wife contacted Plaintiff's employer to inform them of the accident and put them on notice that Plaintiff needed leave from work.

25.     Plaintiff's notice for his need for FMLA covered leave was timely.

26.     Plaintiff's notice for his need for FMLA covered leave complied with Defendant's company policy, if any, regarding requests for time off.

27.     Plaintiff's notice for his leave was sufficient to alert Defendant that his request was for FMLA covered leave.

28.     Plaintiff suffered from a serious health condition as defined by the FMLA as his condition was:

> a.      An illness, injury impairment, or physical or mental condition involving inpatient care in a hospital;
>
> b.      An illness, injury impairment, or physical or mental condition involving a period of incapacity or subsequent treatment in connection with or consequent to in patient care in a hospital;
>
> c.      An illness, injury impairment, or physical or mental condition involving a period of incapacity of more than three (3) days involving treatment two or more times by a health care provider;
>
> d.      An illness, injury impairment, or physical or mental condition involving a regimen of continued treatment under supervision of a health care provider; and/or
>
> e.      An illness, injury impairment, or physical or mental condition requiring multiple treatments for a condition that would likely result in a period in capacity of more than three (3) consecutive calendar days in the absence of medical intervention or treatment.

29.     At all times relevant, Plaintiff provided Defendant with enough information so that Defendant could reasonably determine whether the FMLA and/or ADAAA/FCRA applied to his need for time off work.

30.     Defendant did not provide Plaintiff with notice of his rights under the FMLA as required by law.

31.     Due to the accident, Plaintiff ultimately suffered two brain bleeds that provoked a stroke.

32.     Plaintiff lost sensation on the right side of his body as a consequence of the injuries and developed difficulty speaking.

33.     Plaintiff's doctor initially estimated that Plaintiff might need to be out of work for upwards of one year due to the extent of his injuries.

34.     Plaintiff was ultimately in the hospital for around two weeks before he was discharged to physical therapy.

35.     After Plaintiff was released from the hospital, the Operations Manager, Mike (last name knownown), came to Plaintiff's house to check up on him. Mike told him that he needed to go back to work or the General Manager, Jake Houghman, was going to fire him.

36.     For fear of losing his job, Plaintiff returned to work in early September 2016 before he was medically cleared to return.

37.     Upon his return to work, the General Manager, Mr. Houghman, started asking Plaintiff to perform tasks that were outside the scope of his position as Superintendent and that he knew he was physically unable to perform. For example, Mr.

Houghman wanted Plaintiff to operate the dragline which is not the responsibility of a Superintendent and which Plaintiff could not perform due to his neurological condition.

38.     On November 17, 2016, Defendant fired Plaintiff without explanation.

39.     Two weeks prior to Plaintiff's termination, Defendant's Human Resources representative, Mark Snyder, made comments about Plaintiff's medical bills. Specifically, Mr. Snyder told him "they're charging us like crazy for these doctor's bills."

40.     Defendant canceled Plaintiff's medical benefits effective immediately on the date of his termination.

41.     By requiring Plainitiff to come back to work before he was medically cleared to do so Defendant inteferred with Plaitiff's right to take available FMLA-covered leave.

42.     Defendant's termination of Plaintiff was in retaliation for taking FMLA-covered leave.

43.     Defendant's termination of Plaintiff was designed to dissuade Plaintiff's coworkers from taking FMLA-covered leave.

44.     Defendant's termination of Plaintiff was designed to dissuade Plaintiff's coworkers from asserting their rights under the ADAAA.

45.     Defendant terminated Plaintiff in whole or in part because his disability(ies) and/or perceieved disability(ies).

46.     Defendant's termination of Plaintiff interfered with the rights afforded to Plaintiff by ERISA, the FMLA, the ADAAA, and the FCRA.

47.     Defendants' decision to terminate Plaintiff was motivated, in whole or in

part, by the likelihood that Plaintiff would need FMLA-covered leave in the future.

48.     Defendant's decision to terminate Plaintiff was motivated, in whole or in part, by the likelihood that Plaintiff would need ADAAA-covered leave in the future.

49.     Defendant's decision to terminate Plaintiff was motivated, in whole or in part, by Plaintiff's exercising his rights under an employee benefit plan covered by ERISA (i.e. his need to seek medical treatment covered by his health insurance).

50.     Plaintiff's FMLA-covered absences and/or his likely need for future FMLA covered leave was a substantial or motivating factor in Defendant's decision to terminate him.

51.     Plaintiff's exercising of his rights to an employee benefit plan covered by ERISA and/or his likely need for future benefits under his ERISA-covered plan was a substantial or motivating factor in Defendant's decision to terminate him.

52.     Plaintiff's disability/perceived disability was a substantial or motivating factor in Defendants's decision to terminated him.

53.     Defendant's decision to terminate Plaintiff was not wholly unrelated to Plaintiff's need for time off work under the FMLA.

54.     Defendant's decision to terminate Plaintiff was not wholly unrelated to Plaintiff's excercising his right under an employee benefit plan covered by ERISA.

55.     Defendant's decision to terminate Plaintiff was not wholly unrelated to Plaintiff's disability/perceived disability.

56.     Plaintiff was entitled to FMLA-covered leave pursuant to 29 U.S.C. §2612(a)(1).

57.     Defendant's actions violate the provisions of 29 U.S.C. §2615(a).

58.     Defendant's actions violate the provisions of 29 U.S.C. §2614(a).

59.     Defendant's actions constitute interference with Plaintiff's rights under the FMLA.

60.     Defendant's actions constitute retaliation in violation of Plaintiff's rights under the FMLA.

61.     Defendant's actions constitute discrimination in violation of Plaintiff's rights under the FMLA.

62.     Defendant's actions constitute discrimination in violation of Plaintiff's rights under Section 510 of ERISA.

63.     Defendant's actions constitute interference with Plaintiff's right to an employee benefit plan covered by ERISA.

64.     Defendant's actions constitute discrimination in violation of the ADAAA.

65.     Defendant's actions constitute interference with Plaintiff's rights under the ADAAA.

66.     Defendant's actions constitute discrimination in violation of the FCRA.

67.     Defendant's actions constitute retaliation for requesting a reasonable accommodation under the ADAAA and the FCRA.

68.     Defendant's actions were willful as Defendants knew or had reason to know that its actions violated federal law, yet Defendants acted wantonly or with reckless disregard for the law.

69.     Defendant is liable for the actions of its managers and/or agents taken

within the scope of their employment with Defendant and its related entities, including the decision to terminate Plaintiff.

70.     Defendant's actions, if left unchecked, will deter other employees from exercising their rights under ERISA, the ADAAA, the FCRA and/or the FMLA which will in turn thwart the purposes of Congress in ensuring that a balance exists between work and healthy workers.

## COUNT I
## FMLA – INTERFERENCE

71.     Plaintiff re-alleges paragraphs one (1) through seventy (70) above, as if fully set forth herein.

72.     At all times relevant hereto, Defendant interfered with Plaintiff's right to take FMLA leave under the FMLA.

73.     At all times relevant hereto, Defendant interfered with Plaintiff's right to reinstatement under the FMLA.

74.     At all times relevant hereto, Defendant's interference with Plaintiff's right to leave and to reinstatement violated the FMLA.

75.     Plaintiff suffered from a disability that also qualifies as a "serious health condition" within the meaning of the FMLA.

76.     Plaintiff's condition is "chronic" within the meaning of the FMLA.

77.     Plaintiff was entitled to FMLA protected leave.

78.     Defendant is subject to the requirements of the FMLA.

79.     Plaintiff provided adequate notice of his serious health condition to Defendant.

80.     Defendant was aware of Plaintiff's serious health condition and his need for FMLA protected leave.

81.     Plaintiff requested leave related to his serious health condition.

82.     Plaintiff had not exhausted his entitlement to FMLA leave at the time.

83.     Plaintiff was denied benefits to which he was entitled under the FMLA.

84.     As a result of Defendant's intentional, willful and unlawful acts by interfering with Plaintiff's rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

85.     Plaintiff is entitled to liquidated damages because Defendant cannot show that its violation of the FMLA was in good faith.

86.     Defendant's violation of the FMLA was willful, as its managers engaged in the above-described actions while knowing that the same were impermissible under the FMLA.

87.     Plaintiff demands a trial by jury.

WHEREFORE Plaintiff, OLIVER FUSSELL, demands judgment against Defendant for back pay, reinstatement and in the alternative front pay in the event reinstatement is not practical, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## FMLA - RETALIATION

88.     Plaintiff re-alleges paragraphs one (1) through seventy (70) above, as if fully set forth herein.

13

89.     At all times relevant hereto, Defendant retaliated against Plaintiff because he exercised his right to take leave from work that was protected under the FMLA.

90.     At all times relevant hereto, Defendant retaliated against Plaintiff in violation of the FMLA by terminating him.

91.     At all times relevant hereto, Defendant acted with the intent to retaliate against Plaintiff because Plaintiff exercised his right to leave pursuant to the FMLA.

92.     As a result of Defendant's intentional, willful and unlawful acts of retaliating against Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

93.      Because Defendant cannot prove that their violation of the FMLA was in good faith, Plaintiff is entitled to liquidated damages.

94.     Defendant's violation of the FMLA was willful, as Defendant engaged in the above-described actions while knowing that same were impermissible under the FMLA.

WHEREFORE Plaintiff, OLIVER FUSSELL, demands judgment against Defendant for back pay, reinstatement and in the alternative front pay in the event reinstatement is not practical, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III
## FAILURE TO ACCOMMODATE UNDER THE ADAAA

95.     Plaintiff re-alleges paragraphs one (1) through seventy (70) above, as if fully set forth herein.

96.     Title I of the ADA, 42 U.S.C. § 12111 requires that Defendant provide reasonable accommodations to otherwise qualified employees, such as Plaintiff, with disabilities, including but not limited to reasonable accommodation.

97.     During the time Plaintiff was employed by Defendant, Plaintiff engaged in protected activity under the ADAAA by requesting a reasonable accommodation.

98.     Defendant failed to engage in the interactive process required by the ADAAA to assess whether a reasonable accommodation could be made.

99.     Defendant unreasonably denied Plaintiff's request for accommodation.

100.    Defendant interfered with Plaintiff in the exercise and/or enjoyment of rights granted and/or protected by the ADAAA.

101.    Defendant's violation of the ADAAA was wilfull.

102.    As a direct and proximate result of Defendant's interference with Plaintiff's rights under the ADAAA, Plaintiff has suffered damages in an amount to be determined at trial.

103.    Plaintiff demands trial by jury.

WHEREFORE, Plaintiff, OLIVER FUSSELL, demands judgment against Defendant for back pay and benefits, interest on back pay and benefits; front pay and benefits and/or lost earning capacity, compensatory damages for emotional pain and suffering, injunctive relief, prejudgment interest; declaratory judgment that Defendant's practices violate the ADAAA, costs and attorney's fees, and such other relief as the Court may deem just and proper.

## COUNT IV
## FAILURE TO ACCOMMODATE UNDER THE FCRA

104.    Plaintiff re-alleges paragraphs one (1) through seventy (70) above, as if fully set forth herein.

105.    The FCRA requires that Defendant provide reasonable accommodations to otherwise qualified employees, such as Plaintiff, with disabilities, including but not limited to reasonable accommodation.

106.    During the time Plaintiff was employed by Defendant, Plaintiff engaged in protected activity under the FCRA by requesting a reasonable accommodation.

107.    Defendant failed to engage in the interactive process required by the FCRA to assess whether a reasonable accommodation could be made.

108.    Defendant unreasonably denied Plaintiff's request for accommodation.

109.    Defendant interfered with Plaintiff in the exercise and/or enjoyment of rights granted and/or protected by the FCRA.

110.    Defendant's violation of the FCRA was wilfull.

111.    As a direct and proximate result of Defendant's interference with Plaintiff's rights under the FCRA, Plaintiff has suffered damages in an amount to be determined at trial.

112.    Plaintiff demands trial by jury.

WHEREFORE, Plaintiff, OLIVER FUSSELL, demands judgment against Defendant for back pay and benefits, interest on back pay and benefits; front pay and benefits and/or lost earning capacity, compensatory damages for emotional pain and suffering, injunctive relief, prejudgment interest; declaratory judgment that Defendant's

practices violate the FCRA, costs and attorney's fees, and such other relief as the Court may deem just and proper.

## COUNT V
## DISCRIMINATION/RETALIATION UNDER THE ADAAA

113.    Plaintiff re-alleges paragraphs one (1) through seventy (70) above, as if fully set forth herein.

114.    Plaintiff was a qualified individual with a disability.

115.    Plaintiff was perceived as disabled by Defendant.

116.    Defendant was Plaintiff's employer as defined by the ADAAA.

117.    Defendant discriminated against Plaintiff because of his actual or perceived disability in violation of the ADAAA.

118.    Defendant retaliated against Plaintiff because he exercised his rights under the ADAAA by notifying Defendant of his request for an accommodation of leave from work due to his condition.

119.    Defendant had actual or constructive knowledge of the discriminatory and retaliatory conduct.

120.    Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

121.    Defendant's conduct violated Plaintiff's right to be free from discrimination as guaranteed by the ADAAA.

122.    Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

123.    Defendant's violations of the ADAAA were willful.

124. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to the ADAAA.

WHEREFORE, Plaintiff, OLIVER FUSSELL, demands judgment against Defendant for back pay and benefits, interest on back pay and benefits; front pay and benefits and/or lost earning capacity, compensatory damages for emotional pain and suffering, injunctive relief, prejudgment interest; declaratory judgment that Defendant's practices violate the ADAAA, costs and attorney's fees, and such other relief as the Court may deem just and proper.

## COUNT VI
## DISCRIMINATION/RETALIATION UNDER THE FCRA

125. Plaintiff re-alleges paragraphs one (1) through seventy (70) above, as if fully set forth herein.

126. Plaintiff was a qualified individual with a disability.

127. Plaintiff was perceived as disabled by Defendant.

128. Defendant was Plaintiff's employer as defined by the FCRA.

129. Defendant discriminated against Plaintiff because of his actual or perceived disability in violation of the FCRA.

130. Defendant retaliated against Plaintiff because he exercised his rights under the FCRA by notifying Defendant of his request for an accommodation of leave from work due to his disability.

131. Defendant had actual or constructive knowledge of the discriminatory and retaliatory conduct.

132.   Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

133.   Defendant's conduct violated Plaintiff's right to be free from discrimination as guaranteed by the FCRA.

134.   Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

135.   Defendant's violations of the FCRA were willful.

136.   Plaintiff is entitled to recover her attorneys' fees and costs pursuant to the FCRA.

WHEREFORE, Plaintiff, OLIVER FUSSELL, demands judgment against Defendant for back pay and benefits, interest on back pay and benefits; front pay and benefits and/or lost earning capacity, compensatory damages for emotional pain and suffering, injunctive relief, prejudgment interest; declaratory judgment that Defendant's practices violate the FCRA, costs and attorney's fees, and such other relief as the Court may deem just and proper.

## COUNT  VII
## VIOLATION OF SECTION 510 ERISA

137.   Plaintiff re-alleges paragraphs one (1) through seventy (70) above, as if fully set forth herein.

138.   Defendant provided Plaintiff with an employee welfare plan as defined by 29

U.S.C. §1002(a), specifically health insurance.

139.   Beginning in 2015 and continuing until his unlawful termination,

Plaintiff was enrolled in the benefits provided under the company's health insurance plan.

140.    Defendant retaliated/discriminated against Plaintiff by terminating his employment.

141.    Defendant interfered with Plaintiff's right to exercise hia ERISA-covered employee benefit plan.

142.    Defendant'a termination of Plaintiff was designed, in part, to discourage other employees from taking sick days and/or filing claims under their employee benefit plans.

143.    Defendant fired Plaintiff, in whole or in part, because Defendant did not wish to bear the costs of Plaintiff's healthcare.

144.    Defendant interfered with Plaintiff's right to obtain medical care.

145.    Defendant discriminated against and discharged Plaintiff for exercising his right to medical care under the company's employee benefit plan.

146.    Defendant fired Plaintiff in violation so 29 U.S.C. § 1140.

147.    WHEREFORE, Plaintiff OLIVER FUSSELL hereby demands entry of judgment  in his favor and against Defendants, for any and all equitable relief available including but not limited to payment of all medical bills, statutory damages, reinstatement and back pay as required by ERISA, as well as payment of his attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g).

### **JURY DEMAND**

Plaintiff requests a trial by jury on all issues so triable.

Dated this 13th day of November, 2019.

Respectfully submitted,

**/s/ JOLIE PAVLOS, ESQ.**
Jolie Pavlos, Esquire
FBN 0125571
Morgan & Morgan, P.A.
20 N. Orange Avenue, 16th Floor
Orlando, FL 32801
Telephone: (407) 245-3517
Facsimile: (407) 204-2206
Email: jpavlos@forthepeople.com
*Attorneys for Plaintiff*